IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05cv148-ID |
| | ) | WO |
| DARLENE STRICKLAND | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This action is before the court on a pleading styled as a "*Motion for Post Trial Relief,*

*to Modify Sentencing Order and to Provide an Updated (Revised) Pre-sentence Investigation*

*Report*" (Doc. 1), filed by federal inmate Darlene Strickland ("Strickland") on February 2,

2005.[1]  By her motion, Strickland challenges the sentence of imprisonment imposed upon

her by this court in 1993 for violations of federal controlled substance laws.  Upon review

of Strickland's motion, the court concludes that it is clear that she is entitled to no relief from

this court.

## I.  DISCUSSION

In her motion, Strickland claims that her sentence violates the holdings of the

Supreme Court's recent decisions in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738

---

[1] Although the motion is date stamped "received" on February 7, 2005, the motion was signed by Strickland on February 2, 2005.  A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Strickland's motion] was delivered to prison authorities the day [she] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing and without any contradictory evidence, the court assumes that February 2, 2005, should be considered the date of filing for Strickland's motion.

(2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004).  Strickland's asserted claims attack the fundamental validity of her sentence.  The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction or sentence, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention."  28 U.S.C. § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979).  The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A).[2]  *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).  Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...."  *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the AEDPA simply by characterizing her motion as one filed under separate rules or statutes.  *Wofford*, *supra*, 177 F.3d at 1245.  "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and

---

[2]"A 1-year period of limitation shall apply to a motion under this section."  28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11ᵗʰ Cir. 1990). Strickland seeks relief from this court which is appropriate only under 28 U.S.C. § 2255. Thus, this court construes the present action to contain a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255.

Strickland has filed at least one previous motion for relief under § 2255. The court's records indicate that Strickland filed her first § 2255 motion on March 18, 1996. *See United States v. Strickland*, No. 3:93cr60 (Doc. 94). On October 10, 1999, that motion was denied in part and was referred to the Magistrate Judge for additional proceedings on any remaining claims. *See Sep. 20, 1999, Recommendation of Magistrate of Judge* (Doc. 111 in No. 3:93cr60); *Oct. 20, 1999, Order of District Court Judge Adopting Recommendation* (Doc. 116 in No. 3:93cr60). On March 9, 2000, the court denied the § 2255 motion as to all remaining claims. *See Feb. 24, 2000, Recommendation of Magistrate of Judge* (Doc. 125 in No. 3:93cr60); *Mar. 9, 2000, Order of District Court Judge Adopting Recommendation* (Doc. 127 in No. 3:93cr60).

The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would

be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3]  *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Strickland has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).  Accordingly, this court lacks the jurisdiction to consider Strickland's present motion, and the motion is due to be summarily dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Strickland on February 2, 2005, be denied and this case dismissed, as Strickland has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing

---

[3]Strickland argues that the decisions in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), should be applied retroactively to her case.  However, the Eleventh Circuit Court of Appeals has held that neither *Booker* nor *Blakely* is retroactive to cases on collateral review.  *See In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. Jan. 21, 2005), and *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).  Thus, in addition to the statutory bar on which this Recommendation is based, Strickland also cannot prevail on the merits of her substantive claims.

this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 31, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 17th day of May, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE